UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD L. A. PHILLIPS,<br><br>    Plaintiff,<br><br>vs.<br><br>U.S. DEPARTMENT OF JUSTICE, et al.,<br><br>    Defendants. | Case No.: 1:18-cv-00973-DAD-SKO<br><br>ORDER ON PLAINTIFF'S MOTION TO SEAL CERTAIN DOCUMENTS AND APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>(Docs. 9, 10) |

On July 20, 2018, Plaintiff Richard L. A. Phillips ("Plaintiff"), proceeding *pro se*, filed a complaint seeking certain documents pursuant to the Freedom of Information Act along with an application to proceed *in forma pauperis* ("IFP"). (Docs. 1, 2.) On August 14, 2018, the Court issued a minute order directing Plaintiff to file his IFP application on a court-approved form. (Doc. 3.)

On October 23, 2018, Plaintiff filed an IFP application on a court-approved form along with a motion to seal several documents. (Docs. 9, 10.) For the reasons set forth below, the Court DENIES Plaintiff's motion to seal without prejudice (Doc. 10), and GRANTS Plaintiff's IFP application (Doc. 9).

1

### 1. Motion to Seal

Under Rule 141 of the Local Rules of the United States District Court, Eastern District of California ("Local Rules" or "L.R."), "[a]ll information provided to the Court in a specific action is presumptively public, but may be sealed in conformance with L.R. 141." E.D. Cal. L.R. 141.1(a)(1). "Documents may be sealed only by written order of the Court, upon the showing required by applicable law." E.D. Cal. L.R. 141(a). A party seeking to seal documents must submit "a 'Notice of Request to Seal Documents,' a 'Request to Seal Documents,' a proposed order, and all documents covered by the request," in the manner prescribed by Local Rule 141. E.D. Cal. L.R. 141(b). Pursuant to Local Rule 141(b), the request to seal "shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information."

Here, Plaintiff's motion to seal is only six lines long and fails to comply with Local Rule 141. The motion describes the documents as "State Penal Code § 987.2 funding related documents," and provides as the sole authority for sealing the documents, that the documents "are a continuum of the issue related to this Court's 07 September 2018 Order." (Doc. 10.) However, this Court's September 7, 2018 order provides no such authority for sealing the documents filed with Plaintiff's most recent motion to seal. The September 7, 2018 order is expressly limited to the document filed with Plaintiff's previous motion to seal. (Doc. 7.) Additionally, unlike the document included in Plaintiff's previous motion to seal, there is no representation that the instant documents are filed under seal, pursuant to state statute in a state court proceeding. (*Compare* Docs. 5 and 10.) In view of Plaintiff's failure to comply with Local Rule 141 and the Court's policy that all information provided to the Court is presumptively public, Plaintiff's motion to seal is denied without prejudice.

### 2. IFP Application

Despite the denial of Plaintiff's motion to seal, the Court finds Plaintiff's revised IFP application makes the showing required by 28 U.S.C. § 1915, and the request to proceed *in forma pauperis* shall be granted.

As to the status of his complaint, Plaintiff is advised that pursuant to 28 U.S.C.

2

§ 1915(e)(2), the Court must conduct an initial review of every pro se complaint proceeding in forma pauperis to determine whether it is legally sufficient under the applicable pleading standards. The Court must dismiss a complaint, or portion thereof, if the Court determines that the complaint is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies in the complaint can be cured by amendment. Plaintiff's complaint will be screened in due course.

If appropriate after the case has been screened, the Clerk of Court will provide Plaintiff with the requisite forms and instructions to request the assistance of the United States Marshal in serving Defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure.

**3. Order**

Based on the forgoing and good cause appearing, IT IS HEREBY ORDERED that Plaintiff's motion to seal certain documents (Doc. 10) is DENIED WITHOUT PREJUDICE, and Plaintiff's IFP application (Doc. 9) is GRANTED.

IT IS SO ORDERED.

Dated: **October 24, 2018**                     /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE