# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD L.A. PHILLIPS, | Case No. 1:18-cv-00973-DAD-SKO |
| Plaintiff, | **ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| | **(Doc. 8)** |
| U.S. DEPARTMENT OF JUSTICE, ET AL., | |
| Defendants. | **THIRTY (30) DAY DEADLINE** |
| _____/ | |

## I. INTRODUCTION

On October 3, 2018, Plaintiff Richard L.A. Phillips ("Plaintiff") filed an Amended Complaint[1] against the U.S. Department of Justice and Federal Bureau of Investigation ("FBI") seeking access to documents pursuant to 5 U.S.C. § 552(a)(4)(B). (Doc. 8 ("Am. Compl.").) Plaintiff is currently incarcerated and proceeding *in forma pauperis* and pro se. For the reasons set forth below, Plaintiff's Amended Complaint is dismissed without prejudice and with leave to amend.

///

---

[1] Plaintiff filed his initial complaint on July 20, 2018 (Doc. 1), but filed his amended complaint voluntarily "in light of further of documents provided" by the prosecution in his state court criminal proceeding. (Am. Compl. 1.)

## II. BACKGROUND

Plaintiff is the defendant in a Madera County criminal case. (Am. Compl. 2.) Madera County is pursuing a retrial of the special circumstances allegation in the case following the Ninth Circuit Court of Appeals' decision partially granting Plaintiff's petition for a writ of habeas corpus and finding Madera County prosecutors withheld evidence from the jury during Plaintiff's 1979 murder trial. (Am. Compl. 3–4; *see also Phillips v. Ornoski*, 673 F.3d 1168 (9th Cir. 2012).) Plaintiff seeks certain documents and tapes related to the FBI's wiretaps of his telephone conversations for use during the retrial. (Am. Compl. 1–2.)

While the federal court was considering his petition for habeas corpus, Plaintiff filed a Freedom of Information Act ("FOIA") request with the FBI, seeking the documents and tapes he now seeks to use in his Madera County criminal case. (Am. Compl. 2, 4.) In response to Plaintiff's FOIA request, the FBI provided 145 pages with several portions of the documents redacted. (Am. Compl. 4.) The FBI's response also included a form stating the FBI reviewed a total of 156 pages and identifying the applicable exemptions with statutory authority for the redactions. (Am. Compl., Ex. 1 at 22.)[2] Plaintiff's Amended Complaint seeks judicial review of the FBI's response. (Am. Compl. 1–2.)

## III. DISCUSSION

### A. Screening Requirement and Standard

Title 28 of the United States Code, Section 1915A provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. at § 1915A(b)(1)-(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent

---

[2] The Court notes Plaintiff attached 33 pages to his Amended Complaint, which he titles "Excerpts," without identifying the pages as separate exhibits. The Court identifies the "Excerpts" as "Exhibit 1" to Plaintiff's Amended Complaint and adopts the page numbers used by Plaintiff, in its citations to these pages.

2

that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555).

**B. FOIA**

"FOIA entitles private citizens to access government records." *Minier v. Cent. Intelligence Agency*, 88 F.3d 796, 800 (9th Cir. 1996). "The Supreme Court has interpreted the disclosure provisions broadly, noting that the act was animated by a 'philosophy of full agency disclosure.'" *Lion Raisins v. U.S. Dep't of Agric.*, 354 F.3d 1072, 1079 (9th Cir. 2004) (quoting *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989)). FOIA, however, contains nine exemptions which a government agency may invoke to protect certain documents from public disclosure. *See id.* "Unlike the disclosure provisions of FOIA, its statutory exemptions must be narrowly construed." *Id.* (internal quotations and citation omitted).

An appeal of an agency's FOIA response may be filed in the "district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia." 5 U.S.C. § 552(a)(4)(B).

The complaint seeking review of the agency's decision must be filed within "six years after the right of action first accrues." 28 U.S.C. § 2401(a); *Spannaus v. U.S. Dep't. of Justice*, 824 F.2d 52, 55 (D.C. Cir. 1987) (applying general six-year statute of limitation in 28 U.S.C. § 2401(a) to FOIA); *Zaldivar v. U.S. Dep't of Veterans Affairs*, 695 Fed. Appx 319, 320 (9th Cir. 2017) (affirming the district court's dismissal of the plaintiff's FOIA claims as time-barred pursuant to 28 U.S.C. § 2401(a)). "A cause of action against an administrative agency 'first accrues,' within the meaning of § 2401(a), as soon as (but not before) the person challenging the agency action can institute and maintain a suit in court." *Spannaus*, 824 F.2d at 56.

"A plaintiff bringing suit under FOIA must exhaust administrative remedies before seeking judicial review." *Alexander v. United States*, No. 13-00678 JSC, 2013 WL 4014539, at *2 (N.D. Cal. Aug. 5, 2013) (citing *In re Steele*, 799 F.2d 461, 465 (9th Cir. 1986)). "FOIA plaintiffs fail to exhaust administrative remedies '[w]here no attempt to comply fully with agency procedures has been made.'" *Missud v. S.E.C.*, No. C-12-0161-DMR, 2012 WL 1225858, at *4 (N.D. Cal. Apr. 11, 2012) (citing *In re Steele*, 799 F.2d at 466). "After submitting a FOIA request, a requester must allow the agency twenty workdays to make an initial determination*."* *Id.* (citing 5 U.S.C. § 552(a)(6)(A)(i)). "The requester may appeal this determination, and the agency must make a determination with respect to the appeal within twenty workdays." *Id.* (citing 5 U.S.C. § 552(a)(6)(A)(ii)). "Generally, if the agency fully or partially denies the appeal, the requester is deemed to have exhausted administrative remedies and may file suit." *Id.*

**C.     Plaintiff's Amended Complaint Fails to Allege His Complaint is Timely**

Plaintiff's Amended Complaint alleges he requested and was denied access to unredacted documents in the FBI's possession. (Am. Compl. 2, 4.)  The Amended Complaint also alleges Plaintiff has exhausted all administrative remedies. (Am. Compl. 8.)  However, the Amended Complaint fails to allege that Plaintiff exhausted his administrative remedies less than six years prior to filing the complaint in this case.  In other words, the Amended Complaint fails to allege this case is not barred by the applicable six-year statute of limitations in 28 U.S.C. § 2401(a). Accordingly, the Amended Complaint fails to establish that this Court has jurisdiction over Plaintiff's case. *Nesovic v. United States*, 71 F.3d 776, 777–78 (9th Cir. 1995) ("The failure to sue

1 the United States within the period of limitations is not simply a waivable defense; it deprives the
2 district court of jurisdiction to entertain the action.").

3       The only indication in the Amended Complaint of the timing of Plaintiff's FOIA request
4 suggest his complaint may not be timely. Specifically, Plaintiff alleges he filed the request "while
5 seeking collateral relief in federal court."[3] (Am. Compl. at 4.) The Ninth Circuit reversed the
6 special circumstances finding in Plaintiff's criminal case in a decision dated May 25, 2012, *see*
7 *Phillips v. Ornoski*, 673 F.3d 1168 (9th Cir. 2012), *as amended on denial of reh'g and reh'g en*
8 *banc* (May 25, 2012), which suggests Plaintiff was "seeking collateral relief in federal court" and
9 filed his FOIA request, more than six years before he filed his complaint in this matter on July 20,
10 2018. However, it is still possible Plaintiff filed his FOIA request less than six years before filing
11 his complaint in this matter because his case was not closed until June 12, 2013. (*See* Doc. 353[4] in
12 *Phillips v. Calderon, et al.*, No. 1:92-cv-05167-AWI-SAB.) Accordingly, the Court dismisses
13 Plaintiff's Amended Complaint without prejudice and grants Plaintiff leave to amend to establish
14 that his case is not barred by the six-year statute of limitations for FOIA appeals in federal court.
15 To the extent Plaintiff decides to file another amended complaint, Plaintiff should allege all
16 pertinent dates including the dates he filed his FOIA request and appeal as well as the dates he
17 received responses.

## IV. CONCLUSION AND ORDER

19       The Court will provide Plaintiff with an opportunity to amend his claims and cure the
20 identified deficiency by properly alleging facts demonstrating that his complaint is not barred by
21 the statute of limitations. *Lopez*, 203 F.3d at 1130. Plaintiff is advised that an amended complaint
22 supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en

---

[3] The "Excerpts" attached to the Amended Complaint also suggest Plaintiff may have exhausted his administrative remedies to appeal his FOIA request more than six years ago. First, the "Excerpts" include the first page of the FOIA response from the FBI, which is on a standard FBI form with the specifics of Plaintiff's FOIA request filled in the blanks, but this page is undated and no other pages from the form are attached to the Amended Complaint. (Am. Compl., Ex. 1 at 22.) The only indication of a date is in the top corner of the form, which appears to provide a date of "8-11-98" as the date the form was last revised. Second, the "Excerpts" also include a 2015 declaration, which states that "several years ago" (i.e., several years prior to 2015), the declarant was informed that Plaintiff had filed a request with the FBI seeking documents related to recording his phone calls. (Am. Compl., Ex. 1 at 18–19.)

[4] "A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER." *United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018) (citing Fed. R. Evid. 201(b)).

banc). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." E.D. Cal. L.R. 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Amended Complaint (Doc. 8) is dismissed with leave to amend;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and
3. **If Plaintiff fails to file an amended complaint in compliance with this order, the undersigned will recommend to the assigned district judge that this action be dismissed for failure to state a claim and to obey a court order**.

IT IS SO ORDERED.

Dated: **November 20, 2018**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE