# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD L.A. PHILLIPS,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, et al.,<br><br>Defendants. | Case No. 1:18-cv-00973-DAD-SKO<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**(Doc. 14)** |

## I. INTRODUCTION

Plaintiff, Richard L.A. Phillips, is a prisoner proceeding *pro se* and *in forma pauperis* in this action against the U.S. Department of Justice and Federal Bureau of Investigation seeking access to documents pursuant to the Freedom of Information Act ("FOIA"). On November 20, 2018, the complaint was screened and dismissed with leave to amend due to Plaintiff's failure to allege his FOIA appeal was timely. (Doc. 13.) On December 14, 2018, Plaintiff filed a motion for reconsideration of the November 20, 2018 order. (Doc. 14.) For the reasons discussed below, Plaintiff's motion for reconsideration is DENIED.

///

///

## II. DISCUSSION

### A. Legal Standard

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason justifying relief from the operation of judgment." Motions under Rule 60(b) "must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)–(5)). The moving party "must demonstrate both injury and circumstances beyond his control[.]" *Id.* (internal quotation marks and citation omitted). Further, Rule 230(j) of the Local Rules for the U.S. District Court for the Eastern District of California requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

### B. Plaintiff Fails to Show New Evidence or Clear Error to Justify Reconsideration

Plaintiff's amended complaint was dismissed because Plaintiff failed to allege that his case is not barred by the six-year statute of limitations for FOIA appeals in federal court. (Doc. 13.) The Court ordered Plaintiff to file an amended complaint setting forth the relevant dates so the Court could determine whether the Court had jurisdiction to decide Plaintiff's case. Plaintiff's motion for reconsideration acknowledges that his complaint is barred by the statute of limitations,[1] but contends the "relevant question regarding time is whether Phillips' 20 July 2018 filing was timely following the State trial court's 29 June 2018 order." (Doc. 14 at 2.) The "State trial court's 29 June 2018 order" to which Plaintiff refers, is a statement by the trial court judge in Plaintiff's state criminal case. Specifically, according to a transcript of the proceeding provided with Plaintiff's motion for reconsideration, after ordering the Madera County District Attorney to provide Plaintiff with certain documents in its possession, the judge stated: "Now, if you want something from a federal file, Mr. Phillips, go through the federal court to get it." (Doc. 14 at 5.)

While Plaintiff construes the state court judge's statement as an order instructing this Court to order the U.S. Department of Justice to reconsider Plaintiff's FOIA request, Plaintiff offers no authority for his position that a state court judge has the authority to override the statute limitations in a federal statute. In fact, Plaintiff's motion for reconsideration acknowledges a state court judge has no such authority.[2] Plaintiff adds that while his complaint is barred by FOIA's statute of limitations, "as a discovery issue, there is no time constraints." (Doc. 14 at 3.) However, Plaintiff's complaint is an appeal of his FOIA request. If there is some other basis for this Court's jurisdiction, other than an appeal of a FOIA request, then Plaintiff should file a complaint setting forth the relevant facts and the federal statute providing such jurisdiction. However, with respect to Plaintiff's instant appeal of his FOIA request, the failure to appeal his request within the statute of limitations is a threshold inquiry that deprives the Court of jurisdiction.[3] *Nesovic v. United States*,

---

[1] The motion for reconsideration expressly states: "As a FOIA appeal, Phillips cannot overcome the timeliness issue." (Doc. 14 at 3.)

[2] The motion for reconsideration expressly states: "Well settled case law holds the doctrine of Separation of Powers precludes a State trial court from ordering an assisting federal agency to provide discovery." (Doc. 14 at 2.)

[3] The Court notes that considering the significant developments in Plaintiff's case since he filed his initial FOIA request over six years ago, Plaintiff may be best served by filing an additional FOIA request and timely appealing that request. *Spannaus v. U.S. Dep't of Justice*, 824 F.2d 52, 61 (D.C. Cir. 1987) (holding the appellant's FOIA

3

71 F.3d 776, 777–78 (9th Cir. 1995) ("The failure to sue the United States within the period of limitations is not simply a waivable defense; it deprives the district court of jurisdiction to entertain the action.").

As Plaintiff's motion for reconsideration offers no new evidence or other justification for finding that the Court erroneously dismissed his amended complaint, Plaintiff has failed to satisfy his burden of showing that reconsideration is proper. *Patton v. Dollar Tree Stores, Inc.*, No. CV–15–03813–MWF (PJWx), 2017 WL 8233881, at *3 (C.D. Cal. Aug. 31, 2017) ("[T]he movant[] bears the burden of proving that reconsideration is proper." (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999))).

### III.  CONCLUSION AND ORDER

For the reasons set forth above, it is HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on December 14, 2018, (Doc. 14), is DENIED.

IT IS SO ORDERED.

Dated: __**December 26, 2018**__              /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE

---

request was barred by the statute of limitations but noting that the appellant "can simply refile his FOIA request tomorrow and restart the process" and "nothing prevents him from requesting the same withheld documents decade after decade without ever bringing a timely suit to compel disclosure").

4