# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD L.A. PHILLIPS,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, et al.,<br><br>Defendants. | Case No. 1:18-cv-00973-DAD-SKO<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE FOR FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO STATE A CLAIM**<br><br>**(Docs. 8, 13)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

## INTRODUCTION

On October 3, 2018, Plaintiff Richard L.A. Phillips ("Plaintiff") filed an Amended Complaint[1] against the U.S. Department of Justice and Federal Bureau of Investigation ("FBI") seeking access to documents pursuant to the Freedom of Information Act ("FOIA"). (Doc. 8 ("Am. Compl.").) Plaintiff also filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which was granted on October 25, 2018. (Docs. 2 & 11.)

On November 20, 2018, the undersigned issued a screening order finding Plaintiff's

---

[1] Plaintiff filed his initial complaint on July 20, 2018 (Doc. 1), but filed his amended complaint voluntarily "in light of further of documents provided" by the prosecution in his state court criminal proceeding. (Am. Compl. 1.)

complaint was barred by the six-year statute of limitations for FOIA appeals in federal court. (Doc. 13.) The Court granted Plaintiff thirty days leave to file an amended complaint alleging facts to show that his complaint was timely. In the November 20, 2018 order dismissing Plaintiff's Amended Complaint, the Court cautioned Plaintiff that, if he failed to file an amended complaint in compliance with the order, the Court would recommend to the presiding district court judge that this action be dismissed, in its entirety. (Doc. 13 at 6.) Although more than thirty days have passed since the Court dismissed Plaintiff's Amended Complaint, Plaintiff has failed to file an amended complaint that is not barred by the statute of limitations for FOIA appeals.

On December 14, 2018, Plaintiff filed a motion for reconsideration of the November 20, 2018 order dismissing his Amended Complaint with leave to amend. (Doc. 14.) In his motion for reconsideration, Plaintiff acknowledged that "[a]s a FOIA appeal, [he] cannot overcome the timeliness issue," but asserted that the state court judge in his criminal case "ordered [him] to come to this Court for a discovery order," and "as a discovery issue, there is no time constraints." (Doc. 14 at 2–3.) The Court denied Plaintiff's motion for reconsideration on December 27, 2018. (Doc. 15.)

**DISCUSSION**

The Local Rules for the U.S. District Court for the Eastern District of California ("Local Rules"), corresponding with Rule 11 of the Federal Rules of Civil Procedure, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. *See also* Local Rule 183(a). "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal

1 for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to obey a court order or failure to comply with the Local Rules, the court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423–24; *see also Ferdik*, 963 F.2d at 1260–61; *Thompson*, 782 F.2d at 831. "The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

Here, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. This is especially true in view of Plaintiff's admission in his motion for reconsideration that he cannot cure the statute of limitations defect. (*See* Doc. 14 at 3 ("As a FOIA appeal, Phillips cannot overcome the timeliness issue.").) The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424. The Court's November 20, 2018 order dismissing Plaintiff's Amended Complaint expressly stated that if Plaintiff failed to file an amended complaint in compliance with the order, the Court would recommend to the presiding district court judge that this action be dismissed, in its entirety. (Doc. 13 at 6.) Thus, Plaintiff had adequate warning that sanctions, up to and including dismissal of the case, would result from his noncompliance with the OSC.

Accordingly, pursuant to Local Rule 110 and the Court's inherent power to sanction, the undersigned RECOMMENDS that this case be DISMISSED with prejudice.

///

**CONCLUSION AND RECOMMENDATION**

For the reasons set forth above, IT IS HEREBY RECOMMENDED that this case be DISMISSED with prejudice for failing to comply with the Court's Order entered November 20, 2018.

The Court further DIRECTS the Clerk to send a copy of this order to Plaintiff at his address listed on the docket for this matter.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-one (21) days of service of this recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 1, 2019** /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE